IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DEAN KENNEDY, | § | |
| | § | |
| *Appellant*, | § | |
| | § | Civil Action No. 4:07-CV-587 |
| v. | § | |
| | § | |
| JOHN BERNARD HEIMANN, IV, | § | |
| | § | |
| *Appellee.* | § | U.S. Bankruptcy Court # 07-41585 |

## MEMORANDUM OPINION ON APPEAL FROM BANKRUPTCY COURT

Creditor-Appellant Dean Kennedy, appeals from the "Order Dismissing Case Under 521(i)(1)"and "Order Denying Motion to Vacate Dismissal Order," both entered by the Bankruptcy Court for the Eastern District of Texas, in case number 07-41585 (Chapter 13), Hon. Brenda T. Rhodes, Presiding.

The issues on appeal are whether the bankruptcy court erred in: (1) terminating Kennedy's Motion for Sanctions as moot when Debtor-Appellee John Bernard Heimann IV's Chapter 13 bankruptcy petition was automatically dismissed under 11 U.S.C. § 521 for failure to file required documents and/or (2) denying Kennedy's Motion to Vacate the Dismissal Order and declining to retain jurisdiction over Kennedy's Motion for Sanctions after finding that Heimann's bankruptcy petition appeared to have been filed for an improper purpose.

On the record before it, the court cannot say that the bankruptcy court's dismissal of Kennedy's Motion for Sanctions and denial of his Motion to Vacate the Dismissal Order were an abuse of discretion. The judgment of the bankruptcy court, therefore, is affirmed.

## I. Factual and Procedural Background

On January 16, 2007, an agreed final judgment against Heimann and in favor of Kennedy was entered in the 199th Texas State District Court. An order in aid of judgment was entered on July 17, 2007.

On July 19, 2007, Heimann filed a Chapter 13 bankruptcy petition, his third within four years. Kennedy filed a motion for sanctions under Fed. R. Bank. P. 9011 the next day, alleging that Heimann had filed the petition for an improper purpose, namely delay and expense to Kennedy, and that he had no intention of completing the Chapter 13 plan.

Because Heimann did not file any schedules or statement of financial affairs, his petition was automatically dismissed under 11 U.S.C. §§ 521(a)(1) and (i)(1). The bankruptcy court entered an order which memorialized the automatic dismissal on September 6, 2007. At that time, the court also terminated Kennedy's motion for Rule 9011 sanctions as moot.

Kennedy moved to modify the dismissal order to allow the court to retain jurisdiction over his motion for sanctions. The bankruptcy court denied Kennedy's motion on November 15, 2007. Kennedy filed this appeal on December 28, 2007.

## II. Law and Analysis

A. Standard of Review

A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous, Bankruptcy Rule 8013, and issues of law are reviewed *de novo*. *In re SGSM Acquisition Co., LLC*, 439 F.3d 233, 238-9 (5th Cir. 2006). Mixed questions of fact and law will be reviewed *de novo*. *In re CPDC, Inc.*, 337 F.3d 436, 441 (5th Cir. 2003). A finding of fact which is premised on an

improper legal standard, or on a proper standard improperly applied, will also be reviewed *de novo*. *Matter of Missionary Baptist Foundation of America Inc.*, 712 F.2d 206, 209 (5th Cir. 1983).

Heimann argues that because a bankruptcy court has discretion as to whether it will impose sanctions under Rule 9011, the proper legal standard to be applied is abuse of discretion. However, the bankruptcy court in this case did not rule on the merits of the sanctions motion; rather, it dismissed the motion as moot after the automatic dismissal. After a thorough evidentiary hearing, the bankruptcy court subsequently denied Kennedy's motion to modify the dismissal order, again without explicitly considering its merits.

While Heimann's argument fails because the bankruptcy court did not reach the merits of the sanctions issue, he does advance the proper standard of review. Although the court has found no cases directly on point in this circuit, several courts have found that a bankruptcy court has discretion to consider whether to retain jurisdiction over a sanctions motion after dismissal.[1] The court will therefore review the termination of the Rule 9011 motion and subsequent denial of Kennedy's motion to reform the judgment for abuse of discretion.

B. Analysis

The bankruptcy court initially dismissed the Rule 9011 motion on September 6 as moot without comment after Heimann's failure to file the documents required by Section 521(a)(1) within

---

[1] *See, e.g., Y.J. Sons, Inc., v. Anemone,* Inc., 212 B.R. 793, (D.N.J. 1997)(citing a non-bankruptcy case, *Schering Corp. v. Vitarine Pharms., Inc.*, 889 F.2d 490, 494 (3d Cir. 1989), for the proposition that sanctions can be awarded after a voluntary dismissal); *In re Sherrod*, 200 B.R. 271, 273 (Bkrtcy. N.D. Ga. 1996)(citing *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 398, 110 S. Ct. 2447, 2457 (1990) for the proposition that district courts may retain jurisdiction to enforce Rule 11 even after a voluntary dismissal); *In re Slaughter*, 191 B.R. 135, 139 (Bkrtcy. W.D. Wis. 1995); *In re Whitney Place Partners*, 123 B.R. 117, 120 (Bkrtcy. N.D. Ga. 1991), *aff'd* 966 F.2d 681 (11th Cir. 1992); *Matter of Pasko*, 97 B.R. 913, 916 (Bkrtcy. N.D. Ill. 1988)(court can consider a motion for sanctions after voluntary or involuntary dismissal).

forty-five days of the petition date triggered an automatic dismissal of the case pursuant to Section 521(i)(1). After Kennedy filed his motion to modify the dismissal order to permit the court to retain jurisdiction over the sanctions issue, the bankruptcy court held a hearing at which testimony and evidence was presented.

At the conclusion of the hearing, Judge Rhodes ruled on the record that despite there being a "strong suggestion that Mr. Heimann filed this bankruptcy specifically to thwart this creditor and had no intention of following through with the bankruptcy case," Appellee's Br., R.E. 7, p. 33, l. 25 - p. 34, l. 3 [Doc. # 8], Congress had already provided a sanction for automatic dismissal resulting from failure to file the appropriate schedules: namely, that if Heimann filed another bankruptcy case, the automatic stay would be limited to thirty days. 11 U.S.C. § 362(c)(3).[2] Contrary to Kennedy's assertion, Judge Rhodes did not state that this was the only sanction available to her; rather, she concluded that in light of Section 362(c)(3) and based on the record as a whole, she would deny the motion to modify the dismissal order.

Under these facts, the court cannot say that this was an abuse of discretion. Rule 9011(c) states that a court "may impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." Under Rule 9011(b), a party must, when presenting any petition, pleading, motion, or other paper to the court, certify that it is not "being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Although Judge Rhodes did not explicitly consider the merits of Kennedy's Rule 9011 motion, she concluded after listening to all the evidence presented

---

[2]Kennedy correctly notes that there are exceptions to this sanction, namely that under certain circumstances, Heimann might be able to obtain an extension to the thirty day limit on the automatic stay. *See* Section 362(c)(3)(C).

that even though the bankruptcy petition might have been filed in bad faith, limiting the automatic stay to thirty days if Heimann filed another bankruptcy petition was sufficient to address the concerns raised by this case.  As a result, the court did not need to retain jurisdiction over the Rule 9011 motion because sufficient sanctions had already been imposed by Section 362(c)(3).

IT IS THEREFORE ORDERED that the Bankruptcy Court's September 6, 2007 Order Dismissing Creditor-Appellant Dean Kennedy's Motion for Rule 9011 Sanctions is AFFIRMED.

IT IS FURTHER ORDERED that the Bankruptcy Court's November 15, 2007 Order Denying Creditor-Appellant Dean Kennedy's Motion to Vacate the Dismissal Order is AFFIRMED.

So **ORDERED** and **SIGNED** this **27** day of **May, 2008.**

_____
Ron Clark, United States District Judge